|    |    |
| -- | -- |
| 1  |    |
| 2  |    |
| 3  |    |
| 4  |    |
| 5  |    |
| 6  |    |
| 7  |    |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ALEX LEONARD AZEVEDO, | No. 2:18-cv-3090 MCE DB P |
| --- | --- |
| Petitioner, | |
| v. | ORDER TO SHOW CAUSE |
| JOE GAROFALO, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges his November 23, 2016 conviction and three-year sentence for resisting arrest. Presently before the court are petitioner's motion to proceed in forma pauperis and his petition for screening. For the reasons set forth below, the court will grant petitioner's motion to proceed in forma pauperis and order petitioner to show cause why this action should not be dismissed because he is no longer in custody on the conviction and sentence challenged.

**IN FORMA PAUPERIS**

Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit. Accordingly, the request for leave to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a).

////

# SCREENING

Rule 4 of the Rules Governing § 2254 Cases requires the court to make a preliminary review of each petition for writ of habeas corpus. The court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4, Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Otherwise, the court will order respondent to respond to the petition. Rule 5, Rules Governing § 2254 Cases.

Petitioner filed his habeas petition in this case on November 26, 2018. (ECF No. 1.) Therein, petitioner states that he was released on March 1, 2018 after serving 18 months on the conviction and sentence he challenges. (Id. at 9.)

This court only has jurisdiction over petitioner's habeas petition if he is "in custody" under the conviction or sentence attacked. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkeonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted). A federal district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3). The "in custody" requirement is jurisdictional, and "require[es] that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (citing Carafas v. LaVallee, 391 U.S. 234, 238 (1968)).

If a habeas petitioner is not actually incarcerated pursuant to the conviction or convictions he seeks to reverse, the petitioner must establish that he is subject to conditions that "significantly restrain . . . [his] liberty." Jones v. Cunningham, 371 U.S. 236, 243 (1963); Virsnieks v. Smith, 521 F.3d 707, 717-19 (7th Cir. 2008). However, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Maleng, 490 U.S. at 492; Feldman v. Perrill, 902 F.2d 1445, 1448-49 (9th Cir. 1990) ("Because the sentence for this conviction expired before [the petition was filed], it cannot satisfy the "in custody" requirement—

even though it may have had the collateral consequences of enhancing his subsequent federal sentence, delaying his release on parole and postponing the end of his parole term.").

Because petitioner states that he was no longer incarcerated at the time he filed his habeas petition, it appears that he is no longer "in custody" as required for this court to exercise jurisdiction over his case. In fact, petitioner should be aware of the "in custody" requirement. This court recently dismissed petitioner's habeas petition challenging a May 25, 2016 conviction on the same grounds. See Azevedo v. Colusa Cty. Sup. Ct., No. 2:17-cv-0545 DB P (Order filed Jan. 30, 2019).

The court will give petitioner an opportunity to explain whether he meets the "in custody" requirement so this case may proceed. If he fails to meet that requirement, this court will recommend his petition be dismissed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's request to proceed in forma pauperis (ECF No. 2) is granted;
2. Within thirty days of the date of this order, petitioner shall file a document explaining why he meets the "in custody" requirement so this court may exercise jurisdiction over his habeas petition.

Dated: February 6, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-habeas/azev3090.scrn osc

3