UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX LEONARD AZEVEDO,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>JOE GAROFALO,<br><br>　　　　　Respondent. | No. 2:18-cv-3090 MCE DB P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges his November 23, 2016 conviction and three-year sentence in the Colusa County Superior Court for resisting arrest.

Petitioner filed his habeas petition in this case on November 26, 2018. (ECF No. 1.) Therein, petitioner stated that he was released on March 1, 2018 after serving 18 months on the conviction and sentence he challenges. (Id. at 9.) Because this court does not have jurisdiction over a habeas proceeding in which the petitioner is no longer in custody, this court issued an order to show cause on February 7, 2019. (ECF No. 12.) Petitioner filed a response. (ECF No. 13.) For the reasons set forth below, this court finds petitioner is not "in custody" for purposes of 28 U.S.C. § 2254 and recommends the petition be dismissed for lack of jurisdiction.

////

////

1

I.      **Legal Standards for Jurisdiction**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkeonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted). A federal district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3). The "in custody" requirement is jurisdictional, and "require[es] that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (citing Carafas v. LaVallee, 391 U.S. 234, 238 (1968)).

If a habeas petitioner is not actually incarcerated pursuant to the conviction or convictions he seeks to reverse, the petitioner must establish that he is subject to conditions that "significantly restrain . . . [his] liberty." Jones v. Cunningham, 371 U.S. 236, 243 (1963); Virsnieks v. Smith, 521 F.3d 707, 717-19 (7th Cir. 2008). However, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Maleng, 490 U.S. at 492; Feldman v. Perrill, 902 F.2d 1445, 1448-49 (9th Cir. 1990) ("Because the sentence for this conviction expired before [the petition was filed], it cannot satisfy the "in custody" requirement— even though it may have had the collateral consequences of enhancing his subsequent federal sentence, delaying his release on parole and postponing the end of his parole term.").

II.     **Analysis**

Petitioner argues that the court should not dismiss this action because he made several attempts to challenge his incarceration during the appropriate time period, but was unable to do so successfully. He complains that the process has been frustrating and states that he has been retaliated against due to "all these different petitions I file.[1]" (ECF No. 13.)

---

[1] The court notes that in 2017 and 2018, petitioner filed over fifteen separate actions, both habeas and § 1983, in this court alone.

Petitioner fails to show that he continues to be subject to conditions based on the conviction and sentence challenged that significantly restrain his liberty. Accordingly, the court lacks jurisdiction over the present petition for a writ of habeas corpus. See Maleng, 490 U.S. at 490-91.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that the petition for a writ of habeas corpus be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In the objections, the party may address whether a certificate of appealability should issue in the event an appeal of the judgment in this case is filed. See Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: February 27, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-habeas/azev3090.fr

3